**Abu NASSER, Plaintiff–Appellant,**

v.

**CITY OF COLUMBUS, Defendant–Appellee.**

No. 03–3739.

United States Court of Appeals, Sixth Circuit.

March 10, 2004.

Before: MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.\*

---

\* The Honorable Richard Mills, United States District Judge for the Central District of Illi-  nois, sitting by designation.

## ORDER

Abu Nasser, an Ohio resident proceeding pro se, appeals the district court order granting summary judgment to the defendant in this employment discrimination action brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e–16, *et seq.*, Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Nasser sued his former employer, the City of Columbus, Ohio (the City). Nasser, a Sunni Muslim, worked as a construction inspector for the City in the Division of Water. He suffered a back injury in February 2000 and did not return to work. He was terminated in May 2000 and filed a discrimination charge with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC). After receiving a right to sue letter, Nasser brought suit in the district court. He alleged that the City failed to accommodate his disability, subjected him to a hostile work environment, retaliated against him, and discriminated against him on the basis of his religion and disability. The district court granted summary judgment to the City.

On appeal, Nasser appears to argue that: (1) his attorney failed to present evidence that would have helped his case; (2) the collective bargaining agreement violated his civil rights; and (3) his termination was unjust in view of his exemplary employment history.

We review an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we affirm the district court's decision for the reasons stated by the district court. First, the district court properly held that Nasser failed to exhaust his administrative remedies with respect to his claims of a hostile work environment and lack of accommodation. The discrimination charge Nasser filed with the OCRC and the EEOC did not allege a hostile work environment or a failure to accommodate either his religious practices or his alleged disability, and these charges are not reasonably expected to grow out of a charge of failure to transfer or improper termination. *See Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992). Because Nasser did not raise these claims in the administrative process, he could not pursue them in his district court action.

■ Second, the City was entitled to summary judgment on Nasser's disability discrimination claim. Nasser testified that his February 2000 injury was temporary and that he relieved his back pain through exercises and medicine. Thus, he presented no evidence that he was disabled for purposes of the ADA. *See Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). Moreover, Ronald Garrabrant, the City's human resources representative, swore in an affidavit that Nasser was not replaced after he was terminated. Accordingly, Nasser was unable to establish a prima facie ADA case. *See Swanson v. Univ. of Cincinnati,* 268 F.3d 307, 314 (6th Cir. 2001).

■ Even if it is assumed that Nasser did state a prima facie case, the City articulated a legitimate, non-discriminatory reason for terminating him. *See id.* Garrabrant explained that the City's work rules, contained in a collective bargaining agreement, required employees to substitute accrued sick leave and vacation leave time for the Family Medical Leave Act leave and permitted the City to terminate any employee who was absent without leave for more than five days. Nasser acknowledged that he was subject to the work rules and that he was absent for more than five days without leave. Therefore, the City had a legitimate reason to fire him. Finally, Nasser presented no evidence that the City's proffered reason was a pretext for discrimination. *See Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1084 (6th Cir.1994).

Third, the district court properly granted summary judgment to the City on Nasser's claim of retaliation. *See Allen v. Mich. Dep't of Corr.,* 165 F.3d 405, 412 (6th Cir.1999); *Walborn v. Erie County Care Facility,* 150 F.3d 584, 588–89 (6th Cir.1998). In his deposition, Nasser made admissions that undercut the allegations he made in the discrimination charge he filed with the OCRC and the EEOC. Moreover, as explained above, the City articulated a legitimate, non-discriminatory reason for terminating him.

Fourth, Nasser's hostile work environment claim was also without merit. Nasser pointed to only a few isolated incidents of alleged harassment, testified that he was able to resolve some of them by talking to management, and admitted that none of the incidents was repeated. Accordingly, the City was entitled to summary judgment on this claim. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114

S.Ct. 367, 126 L.Ed.2d 295 (1993); *Peterson v. Buckeye Steel Casings,* 133 Ohio App.3d 715, 729 N.E.2d 813, 818 (1999).

Faced with the City's well-supported motion for summary judgment, Nasser failed to come forward with significant probative evidence to support his claims under the ADA, Title VII, and state law. We have considered Nasser's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.